| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>E. RICHARD DRESSEL, ESQUIRE (ED 1793)<br>FLASTER/GREENBERG P.C.<br>Commerce Center<br>1810 West Chapel Avenue<br>Cherry Hill, NJ 08002-4609<br>Attorneys for Jeffrey M. Keiser, Esquire, Debtor |

**Order Filed on September 1, 2017 by Clerk U.S. Bankruptcy Court District of New Jersey**

| | |
|---|---|
| In Re:<br><br>JEFFREY M. KEISER,<br><br>           Debtor. | Honorable Jerrold N. Poslusny, Jr.<br><br>Chapter 13<br><br>Case No.:  17-11270(JNP)<br><br>Hearing Date:  September 5, 2017<br>                           @ 10:00 a.m. |

## CONSENT ORDER BY AND BETWEEN DEBTOR AND 41 GROVE STREET PROFESSIONAL BUILDING, LLP REGARDING PROOF OF CLAIM NO. 20-1

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

**ORDERED**.

**DATED: September 1, 2017**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

6378678 v1

(Page 2)
Debtor:      JEFFREY M. KEISER
Case No:     17-11270-JNP
Caption:     Consent Order by and between Debtor and 41 Grove Street Professional Building, LLP Entering Judgment and Regarding Proof of Claim No. 20-1

THIS MATTER, having come before the Court upon the Motion of Jeffrey M. Keiser, Debtor, to Modify Proof of Claim No. 20-1 filed by 41 Grove Street Professional Building, LLP, and good cause appearing therefore, it is hereby

ORDERED and ADJUDGED that:

1. Claim no. 20-1 in the amount of $4,070.32 shall be, and hereby is, allowed as a Secured Claim in the amount of $850, representing the pre-petition security deposit provided by Debtor to 41 Grove Street Professional Building, LLP (the "Secured Claim").

2. To the extent necessary, 41 Grove Street Professional Building, LLP shall be, and hereby is, granted relief from the 11 U.S.C. §362(a) automatic stay in order to apply Debtor's pre-petition security deposit in the amount of $850 in full satisfaction of the Secured Claim and all amounts owed to 41 Grove Street Professional Building, LLP.

3. Nothing in this Consent Order shall be deemed to affect Debtor's right to continue to rent his current location from 41 Grove Street Professional Building, LLP on a month-to-month basis until such time as this Court may otherwise Order.

4. Nothing in this Consent Order shall be deemed to affect Debtor's right to continue to rent his current location at the property owned by 41 Grove Street Professional Building, LLP (or any subsequent owner of the property) on a month-to-month basis until such time as this Court may otherwise Order.

5. Notwithstanding the above, to the extent necessary, 41 Grove Street Professional Building, LLP shall be, and hereby is, granted relief from the 11 U.S.C. §362(a) automatic stay to terminate Debtor's right to continue to rent his current location at the property on a month-to-month (and, if necessary) to take action to evict the Debtor if: (a) 41 Grove Street Professional Building, LLP provides 30-days prior written notice to the Debtor that it desires to terminate the Debtor's month-to-month tenancy and the Debtor fails to vacate the property and/or (b) the Debtor defaults in his obligation to pay rent and his share of expenses on a timely basis for his post-petition

(Page 3)
Debtor:      JEFFREY M. KEISER
Case No:     17-11270-JNP
Caption:     Consent Order by and between Debtor and 41 Grove Street Professional Building, LLP Entering Judgment and Regarding Proof of Claim No. 20-1

---

occupancy of his current location at the property and, upon written notice of such default, fails to vacate the property.

I/we consent to the form and entry of this Order.

| /s/ Jeffrey Craig<br>Jeffrey Craig, Esquire<br><br>*Attorneys for Creditor, 41 Grove Street Professional Building, LLP* | /s/ E. Richard Dressel<br>E. Richard Dressel, Esquire<br><br>*Attorneys for Debtor, Jeffrey M. Keiser* |
|---|---|
| Dated:  August 21, 2017 | Dated:  August 22, 2017 |