# *Office of the Chapter 13 Standing Trustee*

*Isabel C. Balboa, Chapter 13 Standing Trustee*†

*Jane L. McDonald, Counsel*
*Raymond H, Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow., Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Jenai M. Cerquoni\**
*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

October 4, 2017

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
PO Box 2067
Camden, NJ 08102

RE:   CHAPTER 13 BANKRUPTCY
      CASE NO. 17-11270 (JNP)
      DEBTOR: Jeffrey M. Keiser

Dear Judge Poslusny:

Please accept this letter in lieu of a more formal objection to Debtor's Motion to Sell 63 Woodthrush Trail West, Medford, New Jersey, which is scheduled to be heard on shortened time on October 10, 2017 at 10:00 a.m.

Debtor proposes to sell property located at 63 Woodthrush Trail West, Medford, NJ, in the amount of $355,000.00. Pursuant to Debtor's Motion the sale of the property will not fully satisfy all liens. The property is subject to following outstanding liens:

| | |
|---|---|
| 2017 real estate taxes | $10,648.95 |
| Tax sale certificate of US Bank | $35,446.18 |
| First mortgage of Investors Bank | $182,900.77 |
| Second Mortgage of Investors Bank | $132,166.10 |
| Federal tax lien | $22,120.41 |
| Total | $383,282.41 |

Pursuant to the proposed order, paragraph number nine (9) states "All amounts remaining owed to Investors Bank after the partial payment of its second mortgage against the real property will continue to be cross collateralized by Investors Bank's second mortgage lien against Debtor's property located at 12 N. Fredericksburg Avenue, Ventnor, NJ 08406". Debtor has not provided an agreement between Investors Mortgage and Debtor.

Furthermore, the transfer of this lien to the Debtor's primary residence will reduce the amount of non-exempt equity available to unsecured creditors. The Debtor's Schedule D shows substantial equity in the debtor's primary residence. After taking into account the debtor's Schedule C exemptions, there appears to be $41,356.92 in non-exempt equity in the property. If the second lien on the Medford property is cross collateralized on the primary residence, the non-exempt equity will no longer be available to the unsecured creditors. The Debtor has not provided any documentation or legal basis to support the cross collateralization of the second lien.

Based on the foregoing, the Trustee respectfully requests Debtor's motion be denied as the transfer of the lien to the primary residence is at the detriment of the debtor and his creditors.

As always, the Court is welcome to contact the Trustee with any concerns.

Respectfully Submitted,

*OFFICE OF THE CHAPTER 13 STANDING TRUSTEE*

 /s/  *Jennifer R. Gorchow*
Jennifer R. Gorchow,
Staff Attorney

JRG/jmc
cc:    E. Richard Dressel, Esquire – *Via CM / ECF*
       Jeffrey M. Keiser – *Via First Class Mail*

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **2** of **2**