| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>E. RICHARD DRESSEL, ESQUIRE (ED 1793)<br>FLASTER/GREENBERG P.C.<br>Commerce Center<br>1810 West Chapel Avenue<br>Cherry Hill, NJ 08002-4609<br>Attorneys for Debtor, Jeffrey M. Keiser, Debtor | Order Filed on October 10, 2017<br>by Clerk U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>JEFFREY M. KEISER,<br><br>      Debtor. | Honorable Jerrold N. Poslusny, Jr.<br><br>Chapter 13<br><br>Case No.:  17-11270(JNP)<br><br>Hearing Date:  October 10, 2017<br>                   @ 10:00 a.m. |

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

The relief set forth on the following page, numbered two (2) and three (3), is hereby **ORDERED**.

**DATED: October 10, 2017**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

(Page 2)

Debtor:      JEFFREY M. KEISER,
Case No.:    17-11270(JNP)
Caption:     AMENDED ORDER AUTHORIZING SALE OF REAL PROPERTY

After review of the Debtor's Motion for authorization to sell real property located at 63 Woodthrush Trail West, Medford, NJ 08055-9105 (the "Motion" and the "Real Property", respectively),

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the Contract for Sale annexed to the Motion as Exhibit "A" pursuant to 11 U.S.C. §§ 363(b) and 1303. Title to the Real Property shall be conveyed by both the Debtor and the Chapter 13 Trustee.

2. The proceeds of sale must be used to satisfy the liens on the Real Property unless the liens are otherwise avoided by Court Order or Investors Bank agrees to accept the net proceeds available after costs of sale and senior liens in satisfaction of its second mortgage against the Real Property and the Internal Revenue Service agrees to release its Federal Tax Lien recorded against the Real Property on February 21, 2017. Until such satisfaction(s)/release(s) of these liens, the Real Property is not free and clear of liens.

3. In accordance with D.N.J. LBR 6004-5(b), the Application for Order Shortening Time on the Motion provided that the Debtor would be requesting to pay the real estate broker at the time of closing. Therefore the following professional(s) may be paid at closing:

| | |
|---|---|
| Name of professional: | Jessica Nooney/Weichert Realtors |
| Amount to be paid: | $21,499 (6% of Purchase Price plus $199) |
| Services rendered: | Court-approved Realtor for Debtor pursuant to Listing Agreement dated 5/16/17 |

2

(Page 3)
Debtor:      JEFFREY M. KEISER,
Case No.:    17-11270(JNP)
Caption:     <u>AMENDED ORDER AUTHORIZING SALE OF REAL PROPERTY</u>

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of the sale and adjustments to the price as provided for the contract of sale may be made at closing.

5. The amount of $ __N/A__ claimed as exempt may be paid to the Debtor.

6. The ☐balance of proceeds must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. The Debtor must file a Modified Chapter 13 Plan not later than 21 days after the date of this Order.

9. All amounts remaining owed to Investors Bank after the partial payment of its second mortgage against the Real Property will continue to be cross-collateralized by Investors Bank's second mortgage lien against Debtor's property located at 12 N. Fredericksburg Avenue, Ventnor, NJ 08406.